REDACTED COPY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
2012 AP 18 PM 12: 26
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____
DEPUTY

| UNITED STATES OF AMERICA | § | Cause No. |
| --- | --- | --- |
| | § | |
| v. | § | **[SEALED] INDICTMENT** |
| | § | |
| NATHANIEL RAY RODRIGUEZ, | § | [VIO: COUNT ONE: 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 846, Conspiracy to Possess With Intent to Distribute Methamphetamine; COUNT TWO: Possession of Methamphetamine With Intent to Distribute within 1000 feet of school; COUNT THREE: 21 U.S.C. § 841(a)(1) & (B)(1)(C), Possession of Cocaine With Intent to Distribute.] |

**DR12CR0640**

THE GRAND JURY CHARGES:

COUNT ONE

[21 U.S.C. § 841(a)(1) & (b)(1)(C) and 846]

From on or about November 17, 2011, to on or about April 18, 2012, in the Western District of Texas, Defendants,

NATHANIEL RAY RODRIGUEZ,

knowingly, intentionally and unlawfully combined, conspired, confederated and agreed together and with others known and unknown to possess with intent to distribute a controlled substance, which offense involved less than five (5) grams of Methamphetamine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1) & (b)(1)(C) and 846.

## COUNT TWO

[21 U.S.C. § 841(a)(1) & (b)(1)(C) and 860(a)]

On or about March 8, 2012, in the Western District of Texas, Defendant,

NATHANIEL RAY RODRIGUEZ,

did knowingly, intentionally and unlawfully possess with intent to distribute less than five (5) grams of Methamphetamine, a Schedule II Controlled Substance, the said possession having occurred within one thousand (1,000) feet of the real property comprising a school, namely Central Elementary School, Carrizo Springs, Texas, in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(C) and 860(a).

## COUNT THREE

[21 U.S.C. § 841(a)(1) & (b)(1)(C)]

On or about November 28, 2011, in the Western District of Texas, Defendant,

did knowingly, intentionally and unlawfully possess with intent to distribute less than five hundred (500) grams of a mixture or substance containing a detectable amount of Cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(C).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Controlled Substance Forfeiture Statutes and Violations
[Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 860(a); subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2). *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations set forth in Counts One through Three, which are punishable by imprisonment for more than one year, Defendants NATHANIEL RAY

RODRIGUEZ                                        shall forfeit the below listed property to the United States pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2), which state the following:

> **§ 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeiture**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law–
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture includes but is not limited to the property described in the paragraphs below.

## II.
## Money Judgment

As a result of the foregoing criminal violations set forth in Counts One through Three, Defendants shall forfeit to the United States all right, title, and interest to the United States of America, in the following described Money Judgment of Forfeiture:

> A sum of money equal to **One Hundred Thousand dollars and no cents ($100,000.00)**, which represents the amount of proceeds obtained, directly or indirectly, as a result of the violations set out in Counts One through Three, and for which Defendants NATHANIEL RAY RODRIGUEZ are jointly and severally liable.

## III.
## Substitute Assets

If any of the properties described above as being subject to forfeiture for violations of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 860(a), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2), as a result of any act or omission of Defendants NATHANIEL RAY RODRIGUEZ,

a. cannot be located upon the exercise of due diligence,
b. has been transferred or sold to, or deposited with, a third person,
c. has been placed beyond the jurisdiction of the Court,
d. has been substantially diminished in value, or
e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States of America to seek forfeiture of any other property, to include the above-described properties, up to the value of the money judgment as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

ROBERT PITMAN
United States Attorney

By: _____
H. JAY HULINGS
Assistant United States Attorney

SEALED:
UNSEALED: XX

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### DEL RIO DIVISION

COUNTY: Dimmit    USAO #: 2012R06560

DATE: April 18, 2012    MAG. CT. #: MATTER

AUSA: H. JAY HULINGS

**DR12CR0640**

DEFENDANT: NATHANIEL RAY RODRIGUEZ

CITIZENSHIP: United States

INTERPRETER NEEDED: No    Language: English

DEFENSE ATTORNEY: N/A

ADDRESS OF ATTORNEY: N/A

DEFENDANT IS:    DATE OF ARREST:

BENCH WARRANT NEEDED:

PROBATION OFFICER: N/A

NAME AND ADDRESS OF SURETY: N/A

YOUTH CORRECTIONS ACT APPLICABLE: NO

PROSECUTION BY: SEALED INDICTMENT

OFFENSE: (Code & Description): Count 1 - 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 846, Conspiracy to Possess with Intent to Distribute Methamphetamine; Count 2 - 21 U.S.C. § 841(a)(1) & (b)(1)(C), Possession with Intent to Distribute Methamphetamine w/in 1000 feet of a school.

OFFENSE IS A: FELONY

MAXIMUM SENTENCE: For Count 1: 0-20 years imprisonment, up to $1 million fine, at least 3 years of supervised release, $100 special assessment; For Count 2: 1-40 years imprisonment, up to $2 million fine, at least 6 years of supervised release, $100 special assessment.

PENALTY IS MANDATORY: YES & NO

REMARKS: See above    W/DT-CR-3